UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

LUIS PASTRANA, MARIA SANCHEZ, and
JAYMARIE RAMIREZ and JOMAIRA POTTER by
their mother and natural guardian, Jayscha
Pastrana,

COMPLAINT
07 CV 9252 (VMM)(RLE)

                Plaintiffs,

       -against-

THE CITY OF NEW YORK, and "JOHN DOE" 1-10,
the names being fictitious and presently unknown,
being employees of the New York City Police
Department,

**Jury Trial Demanded**

                Defendants.
------------------------------------------------------------------------x

      LUIS PASTRANA, MARIA SANCHEZ, and JAYMARIE BELIS RAMIREZ and JOMAIRA MARIE POTTER by their mother and natural guardian, Jayscha Pastrana, by their attorney, Matthew Flamm, allege the following, upon information and belief, as their Complaint:

## Nature of the Action

1.     This civil rights action arises from defendants' August 28, 2006 unlawful entry into plaintiffs' home, destructive search and use of force. Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §2201, and, under 42 U.S.C. §1983, compensatory and punitive damages for violation of their civil rights.

## Jurisdiction and Venue

2.     This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiffs requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiffs' federal claims.

3.     Under 28 U.S.C. §1391(b), venue is proper in the Southern District of New York because the events giving rise to the suit occurred in that District.

Parties

4.      Plaintiff LUIS PASTRANA is a citizen of the United States residing in the State and City of New York, County of Bronx.  At the time of the incidents described herein, Mr. Pastrana was twenty-one years of age.  He is the son of plaintiff Maria Sanchez and an uncle of plaintiffs Jaymarie Ramirez and Jomaira Potter

5.      Plaintiff MARIA SANCHEZ is a citizen of the United States of America residing in the State and City of New York, County of Bronx.  She is the mother of Luis Pastrana and the grandmother of plaintiffs Jaymarie Ramirez and Jomaira Potter.

6.      Plaintiff JAYMARIE RAMIREZ is a citizen of the United States of America in the State and City of New York, County of Bronx.  At the time of the incidents complained of herein, she was ten years of age.  Her mother and natural guardian is Jayscha Pastrana.

7.      Plaintiff JOMAIRA POTTER is a citizen of the United States of America residing in the State and City of New York, County of Bronx.  At the time of the incidents described herein, she was six years of age.  Her mother and natural guardian is Jayscha Pastrana.

8.      Defendant CITY OF NEW YORK is a Municipal Corporation within New York State.  Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency.  At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

9.      Defendants "JOHN" DOE 1-10 (collectively the "individual defendants") were at all times relevant duly appointed and acting employees of the New York City Police Department.

10.     The individual defendants were at all times relevant acting under color of state law.

11. The individual defendants involved in the incident underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

### Notice of Claim

12. On or about October 11, 2006, and within 90 days of the events giving rise to the claims, plaintiff Luis Pastrana filed a Notice of Claim upon defendant City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

13. The Notice of Claim was in writing, sworn to by Luis Pastrana, and contained his name and post office address.

14. The Notice of Claim set out the nature of the claim, the time when, the place where and manner by which the claims arose, and the damages and injuries claimed to have been sustained.

15. The New York City Comptroller's Office assigned the claim number 2006PI025300.

16. The City of New York has neglected and failed to adjust the claims within the statutory time period.

17. This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

### Facts Underlying Plaintiffs' Claims for Relief

18. Early in the morning of August 28, 2006, individual defendants unlawfully broke into and invaded plaintiffs' home at 974 Anderson Avenue, Apartment 5F, Bronx, New York, and assaulted and arrested the plaintiffs.

19. Present in the home at that time were the four plaintiffs as well as Johana Pastrana, Luis Pastrana's infant daughter, and Analiz Pastrana, the infant daughter of Luis Pastrana's brother, Rudy Pastrana.

20. JOHN DOE defendants entered the apartment and, with weapons drawn, encountered plaintiff LUIS PASTRANA. An individual defendant struck plaintiff with a gun on the left side of the head. Mr. PASTRANA was slammed to the ground where one or more of the individual defendants kicked him. He lost conscious and awoke handcuffed, his left ear bleeding.

21. JOHN DOE defendants threw plaintiff MARIA SANCHEZ to the ground, stepped on her hands and kicked in her legs, resulting in bruising. She was handcuffed.

22. Plaintiff JAYMARIE RAMIREZ and her sister JOMAIRA POTTER were separated from the adults and placed in a bedroom with the two other children in the apartment. Two or more of the JOHN DOE defendants then threateningly questioned the minor plaintiffs about the presence of guns and drugs in the home, about which the two girls knew nothing given that there were no guns or drugs in the family home. The girls were terrified.

23. The individual defendants conducted an unlawful search of the apartment, damaging and destroying personal property.

24. All apartment occupants, including the four plaintiffs, were unlawfully arrested despite that they had committed no crime and despite that the individual defendants had no reasonable basis to believe they had committed any crime.

25. The individual defendants entering the plaintiffs' home on the morning of August 28, 2006 knew or should have known that the entry and the search conducted were unlawful; that is, they either did not have a warrant to enter and search the home, they knew or should have known the warrant was not supported by probable cause, or, upon entering and searching the apartment pursuant to a warrant they should have realized, as any reasonable police officer would have realized, that the ostensibly valid warrant was in fact fatally flawed.

Case 1:07-cv-09252-VM    Document 1    Filed 10/16/2007    Page 5 of 10

26. At no time during the incident did the individual defendants show the plaintiffs a valid arrest or search warrant. Upon information and belief, the individual defendants entered the home without a valid search or arrest warrant.

27. The individual defendants, and all of them, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the use of force, unlawful break in, unlawful search and unlawful arrest of the plaintiffs.

28. Finding no evidence of any crime, the individual defendants left the home.

29. Mr. Pastrana then went to Lincoln Medical and Mental Health Center. He was found to have a laceration to the outside of his left ear requiring sutures to close the wound, abrasions and swelling to the left side of his face, damage to two teeth, dizziness and headache, right shoulder pain, a contusion to the back of his neck, decreased sensation to the right side of his face and body, and abrasions to both knees, among other injuries.

30. As a result of the foregoing, plaintiffs suffered emotional trauma, fright, physical pain and suffering, loss of liberty and other constitutional rights, among other injuries. They suffered the debasement of having their home raided and of being treated like criminals when they were, in fact, simply a family at home.

31. As a result of the foregoing, plaintiffs suffered property loss and were forced to spend money to repair or replace household items damaged or destroyed by the individual defendants.

32. At all times relevant, in breaking into the family apartment, using force and arresting the plaintiffs, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiffs' rights and physical and mental well-being.

-5-

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFFS' RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

33. Plaintiffs repeat the allegations of paragraphs 1-32 as though fully stated herein.

34. By the actions described above, the individual defendants, or some of them, deprived the plaintiffs of rights secured by the Constitution and laws of the United States, including, but not limited to, their right to be free and secure in their persons and their right to be free from arrest or search, except on probable cause or pursuant to a warrant.

35. As a consequence thereof, plaintiffs have been injured.

SECOND CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

36. Plaintiffs repeat the allegations of paragraphs 1-32 as though fully stated herein.

37. By reason of the foregoing, plaintiffs were intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiffs were aware of and did not consent to the confinement. Plaintiffs were thereby falsely arrested and imprisoned.

38. As a consequence thereof, plaintiffs have been injured.

THIRD CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFFS' RIGHT TO BE FREE
FROM UNREASONABLE FORCE UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

39. Plaintiffs repeat the allegations of paragraphs 1-32 as though fully stated herein.

40. By the actions described above, the individual defendants, or some of them, deprived plaintiffs SANCHEZ and PASTRANA of their rights secured by the Constitution and laws of the United States, including, but not limited to, their right to be free from excessive and unreasonable force.

41.     As a consequence thereof, plaintiffs SANCHEZ and PASTRANA have been injured.

### FOURTH CLAIM FOR RELIEF FOR ASSAULT

42.     Plaintiffs repeat the allegations of paragraphs 1-32 as though fully stated herein.

43.     By the actions described above, plaintiffs were intentionally placed in apprehension of imminent harmful and offensive contact.

44.     As a consequence thereof, plaintiffs have been injured.

### FIFTH CLAIM FOR RELIEF FOR BATTERY

45.     Plaintiffs repeat the allegations of paragraphs 1-32 as though fully stated herein.

46.     By the actions described above, plaintiffs were intentionally touched in a harmful and offensive manner.

47.     As a consequence thereof, plaintiffs have been injured.

### SIXTH CLAIM FOR RELIEF FOR IMPROPER SUPERVISION OF SUBORDINATES

48.     Plaintiffs repeat the allegations of paragraphs 1-32 as though fully stated herein.

49.     At all times relevant, certain JOHN DOE defendants were employed by the New York City Police Department in a supervisory capacity with responsibility for the conduct of other individual defendant police officers.

50.     These supervisory defendants directly participated in the incident and also failed to properly supervise their subordinates or to otherwise take action to remedy the wrongs done to the plaintiffs.  They were grossly negligent in supervising the individual defendant police officers by, among other things, failing to properly investigate and report upon the incident, and failing to take any disciplinary action against the defendant officers.

51. As a consequence thereof, plaintiffs have been injured.

### SEVENTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFFS' CIVIL RIGHTS

52. Plaintiffs repeat the allegations of paragraphs 1-32 as though fully stated herein.

53. The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful search, use of force and arrest of the plaintiffs, despite having a reasonable opportunity to do so.

54. As a consequence thereof, plaintiffs have been injured.

### EIGHTH CLAIM FOR RELIEF FOR TRESPASS

55. Plaintiffs repeat the allegations of paragraphs 1-32 as though fully stated herein.

56. By reason of the foregoing, the individual defendants, and each of them, entered into the property of MARIA SANCHEZ without consent, thereby committing a trespass.

57. As a consequence thereof, plaintiffs have been injured.

### NINTH CLAIM FOR RELIEF FOR CONVERSION

58. Plaintiffs repeat the allegations of paragraphs 1-32 as though fully stated herein.

59. The City of New York, through its agents, servants and/or employees, intentionally and without authority exercised control over plaintiffs' property, thereby interfering with plaintiffs' right of possession and use of their property.

60. As a consequence thereof, plaintiffs have been injured.

TENTH CLAIM FOR RELIEF AGAINST THE CITY OF NEW YORK
FOR VIOLATING PLAINTIFFS' RIGHTS UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

61. Plaintiffs repeats each allegation of paragraphs 1-32 as if set forth in full herein.

62. The conduct to which the plaintiffs were subjected resulted from and was caused by defendant City of New York's failure properly to train and supervise its personnel, including the Police personnel involved herein.

63. New York City policymakers knew to a moral certainty that their employees confront situations requiring them to, among other things, scrutinize the credibility of informants whose information is used as the basis for seeking search warrants, properly identify the correct apartment number for executing search or arrest warrants, determine the identity of people subject to search warrants, and to use force and interrogate during the course of executing search warrants. New York City policymakers knew to a moral certainty that police officers would be presented with difficult choices of the sort that training or supervision would make less difficult or that there is a history of employees mishandling such situations, and the employees' wrong choice frequently caused the deprivation of constitutional rights.

64. This failure constitutes deliberate indifference to plaintiffs' rights and created the atmosphere allowing the individual defendants to believe that they could ignore the plain fact that, among other things, the information leading to any search warrant for the plaintiffs' residence was incredible and/or insubstantial or otherwise legally insufficient, or that the apartment they entered was not the one specified on an otherwise validly procured warrant, or that there was never lawful basis to detain and arrest the plaintiffs.

65. As a consequence thereof, plaintiffs have been injured.

Request for Relief

WHEREFORE, plaintiffs respectfully requests that judgment be entered as follows:

(A) Declaratory relief as follows:
1. A declaration that plaintiffs' right to be free unreasonable searches and seizures under the United States Constitution was violated;
2. A declaration that plaintiffs LUIS PASTRANA and LUIS PASTRANA's right to be free from unreasonable force under the United States Constitution was violated;

(B) Compensatory damages in an amount to be fixed at trial;

(C) Return of property;

(D) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(E) An award to plaintiff of the costs and disbursements herein;

(F) An award of attorney's fees under 42 U.S.C. §1988;

(G) Such other and further relief as this Court may deem just and proper.

Dated: October 16, 2007
Brooklyn, New York

_____
MATTHEW FLAMM **MF1309**
Attorney for Plaintiffs
26 Court Street, Suite 600
Brooklyn, New York  11242
(718) 797-3117