UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
x------------------------------------------------------------------x

LUIS PASTRANA, MARIA SANCHEZ, and
JAYMARIE RAMIREZ and JOMAIRA
POTTER by their mother and natural guardian,
Jayscha Pastrana

                              Plaintiffs,

-against-

THE CITY OF NEW YORK; and "JOHN
DOE" 1-10, the names being fictitious and
presently unknown, being employees of the
New York City Police Department,

                              Defendants.

x------------------------------------------------------------------x

**ANSWER**

**07 CV 9252 (VMM)**

**JURY TRIAL DEMANDED**

Defendant THE CITY OF NEW YORK ("City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint ("Complaint"), respectfully alleges as follows:

1.  Denies each and every allegation set forth in paragraph "1" of the complaint, except admits that plaintiffs purport to characterize this action as stated therein and to seek the relief stated therein.

2.  Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiffs purport to invoke the jurisdiction of this Court as stated therein.

3.  Denies the allegation set forth in paragraph "3" of the complaint, except admits that plaintiffs purport to base venue as stated therein.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits the City of New York is a municipal corporation and respectfully refers to the New York City Charter for the precise relationship between the City of New York and the New York Police Department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies each and every allegation set forth in paragraph "12" of the Complaint, except admits that a document purporting to be a notice of claim, (the "Notice") was received by the New York City Comptrollers Office on October 16, 2006 and respectfully refers this Court to the Notice for its content and meaning.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Admits the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admits that plaintiffs' claim has not been adjusted or paid.

17. Denies the allegations set forth in paragraph "17" of the complaint, except admits plaintiffs' complaint was filed on October 16, 2007.

18. Denies the allegations set forth in paragraph "18" of the complaint, except admits that members of the New York City Police Department executed a search warrant at 974 Anderson Avenue, Apartment 5F, Bronx, New York on the morning of August 28, 2006.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint..

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Denies each and every allegation set forth in paragraph "27" of the complaint.

28. Denies knowledge the allegations set forth in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding trauma, fright, and pain and suffering.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. In response to the allegations set forth in paragraph "33" of the complaint, the City repeats and realleges paragraphs "1" through "32" of its answer as if set forth fully herein.

34. Denies each and every allegation set forth in paragraph "34" of the complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, the City repeats and realleges paragraphs "1" through "35" of its answer as if set forth fully herein.

37. Denies each and every allegation set forth in paragraph "37" of the complaint.

38. Denies each and every allegation set forth in paragraph "38" of the complaint.

39. In response to the allegations set forth in paragraph "39" of the complaint, the City repeats and realleges paragraphs "1" through "38," of its answer as if set forth fully herein.

40. Denies each and every allegation set forth in paragraph "40" of the complaint.

41. Denies each and every allegation set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, the City repeats and realleges paragraphs "1" through "41," of its answer as if set forth fully herein.

43. Denies each and every allegation set forth in paragraph "43" of the complaint.

44. Denies each and every allegation set forth in paragraph "44" of the complaint.

45. In response to the allegations set forth in paragraph "45" of the complaint, the City repeats and realleges paragraphs "1" through "44" of its answer as if set forth fully herein.

46. Denies each and every allegation set forth in paragraph "46" of the complaint.

47. Denies each and every allegation set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, the City repeats and realleges paragraphs "1" through "47" of its answer as if set forth fully herein.

49. Denies knowledge or information sufficient to form a belief as to the truth allegations set forth in paragraph "49" of the complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth allegations set forth in paragraph "50" of the complaint.

51. Denies each and every allegation set forth in paragraph "51" of the complaint

52. In response to the allegations set forth in paragraph "52" of the complaint, the City repeats and realleges paragraphs "1" through "51" of its answer as if set forth fully herein.

53. Denies each and every allegation set forth in paragraph "53" of the complaint.

54. Denies each and every allegation set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, the City repeats and realleges paragraphs "1" through "54" of its answer as if set forth fully herein.

56. Denies each and every allegation set forth in paragraph "56" of the complaint.

57. Denies each and every allegation set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, the City repeats and realleges paragraphs "1" through "57" of its answer as if set forth fully herein.

59. Denies each and every allegation set forth in paragraph "59" of the complaint.

60. Denies each and every allegation set forth in paragraph "60" of the complaint.

61. In response to the allegations set forth in paragraph "61" of the complaint, the City repeats and realleges paragraphs "1" through "60" of its answer as if set forth fully herein.

62. Denies each and every allegation set forth in paragraph "62" of the complaint.

63. Denies each and every allegation set forth in paragraph "63" of the complaint.

64. Denies each and every allegation set forth in paragraph "64" of the complaint.

65. Denies each and every allegation set forth in paragraph "65" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

66.     The complaint fails in whole or in part to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

67.     The City has not violated any rights, privileges or immunities secured to plaintiffs under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has it violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

68.     At all times relevant to the acts alleged in the complaint, the City acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

69.     To the extent plaintiffs assert state law claims against the City such claims should be barred by the doctrine of governmental immunity for discretionary, policy-making and/or judgmental functions.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

70.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the City.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

71.     To the extent plaintiffs allege any claims arising under the laws of the State of New York, plaintiff is barred by the applicable limitations period.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

72.     Plaintiffs can not recover punitive damages from the City of New York.

**WHEREFORE**, defendant THE CITY OF NEW YORK requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
               February 13, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant CITY OF NEW YORK
100 Church Street, Room 3-140
New York, New York 10007
(212) 788-1894

By: _____
     David M. Pollack (DP3873)
     Attorney Special Federal Litigation Division

TO:   Matthew Flamm, Esq. (By ECF)
       Law Offices of Matthew Flamm
       26 Court Street, Suite 600
       Brooklyn, New York 11242